# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

| | | |
|---|---|---|
| **WILTON PARKS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 9:06 CV 172** |
| **v.** | § | |
| | § | **JUDGE HEARTFIELD** |
| **ONCOR ELECTRIC DELIVERY** | § | |
| **COMPANY, a.k.a TXU ELECTRIC** | § | |
| **DELIVERY COMPANY** | § | |
| | § | |
| *Defendant.* | § | <u>**Jury Requested**</u> |

## <u>PLAINTIFF'S MOTION TO COMPEL CORPORATE REPRESENTATIVE DEPOSITION AT DEFENDANT'S EXPENSE, AND BRIEF IN SUPPORT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Wilton Parks, Plaintiff and Movant herein, to file this his Motion to Compel Corporate Representative Deposition At Defendant's Expense, and for good cause shows this Honorable Court as follows:

### I.      Facts and Background

1.      Plaintiff sued Defendant in the United States District Court for the Eastern District of Texas, Lufkin Division, for violation of the Family And Medical Leave Act arising from Plaintiff's February 15, 2006 termination from employment as a TXU.

2.      Discovery in this suit is presently governed by the Court's Scheduling Order of November 2, 2006.  The discovery deadline in this case is March 9, 2007 and the case is set for trial on June 4, 2007.

3.      On January 26, 2007, Plaintiff noticed the deposition of Defendant TXU pursuant to FRCP Rule 30(b)(6).  The deposition notice listed four (4) topics on which the corporation was to be deposed.  The topics were as follows:

A.    The elimination of the position of meter reader and the employment status of the meter readers who worked with the Plaintiff

B.    The investigation into the incidents of January 30, 2006 that resulted in the "Truth or Consequences" meeting with Plaintiff and other employees where Plaintiff was the subject thereof.

C.    The termination of Wilton Parks

D.    Termination of other TXU employees pursuant to any of the three alleged policy violations that resulted in the termination of Wilton Parks within the past five years.

Attached hereto and incorporated herein for all purposes is **Exhibit 1**, the 30(b)(6) notice of deposition served on Defendant through counsel.

4.    Counsel for Defendants then informed counsel for Plaintiffs that he would not be producing the corporation for deposition on those topics because, according to him, the topics relating to thee Plaintiff's termination were considered to be "factual" and in his view facts were not a proper subject of a Rule 30(b)(6) deposition.  Attached hereto and incorporated herein for all purposes is **Exhibit 2**, a true and correct copy of the letter sent by counsel for defendants stating that the corporation would not appear and the reasons why he was refusing to comply with local and federal rules governing this dispute.

5.    On or about February 7, 2007, Plaintiff's counsel appeared for the noticed Rule 30(b)(6) deposition of Defendant.  At the deposition, Defendant presented a Ms. Molly Greenup.  During the deposition, counsel for Defendant informed counsel for Plaintiff that the witness was there in her individual capacity alone, thereby continuing in his refusal to comply with Rule 30(b)(6).  The witness herself stated her appearance was not on behalf of the corporation, but only in her individual capacity despite the fact that she testified that she conducted the investigation and possessed the most knowledge of the investigation that led to the termination of Wilton Parks, which satisfied three (3) of the four (4) topics listed in the 30(b)(6) notice served

and referenced in paragraph 3 (supra). Furthermore, without any procedural vehicle, counsel for Defendant stated on the record that he was refusing to produce a witness for the 30(b)(6) deposition for the reasons stated in the letter attached as Exhibit 2. Attached hereto and incorporated herein for all purposes is **Exhibit 3**, a true and correct copy of the deposition testimony of Molly Greenup, as well as the on the record admission by counsel for Defendant that he was refusing to comply with Rule 30(b)(6).

6.     At no time has Defendant filed a motion for protective order, nor has he sought any intervention or ruling on his interpretation of Rule 30(b)(6), nor had Defendant secured any ruling to give a foundation for their refusal to comply with the subpoena.

7.     To date, Defendant continues to refuses to comply with the local and federal rules of procedure, specifically the rules governing discovery and 30(b)(6) depositions. Defendant and its attorney still maintain that facts are not a proper subject of 30(b)(6) depositions. Plaintiff disagrees completely.

8.     For the reasons set forth below, Plaintiff asks this Honorable Court to order Defendant to comply with the law in its entirety, and further issue an order telling Defendant that it must incur and occasioned by its unlawful refusal to comply.

## II.     Argument and Authorities

The purpose of discovery is, among others, to narrow and clarify issues prior to trial (*See Nutt v. Black Hills Stage Lines, Inc.*, 452 F.2d 480, 483 (8th Cir. 1971)) and provide all parties with full knowledge of the fact so they can prepare for trial (*see Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* 756 F.2d 230, 236 (2nd Cir. 1985))

Under FRCP 30(b)(6), "when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation *must* produce someone familiar with

that subject.   To satisfy Rule 30(b)(6), the corporate deponent has an affirmative to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers on its behalf.  When a party fails to comply with Rule 30(b)(6), [Rule] 37 allows courts to impose various sanctions, including the preclusion of evidence." *Reilly v. NatWest Markets Group, Inc.*, 181 F.3d 253, 268 (2nd Cir. 1999) (emphasis added).   "[W]itnesses are not automatically excluded from deposition by request of the party.  Rather, ***exclusion of other witnesses requires that the court grant a protective order*** pursuant to [Rule] 26(c)(5)*."   In Re: Terra International*, 134 F.3d 302, 306 (5th Cir. 1998) (emphasis added).

In *Ferko v. National Assoc. for Stock Care Auto Racing, Inc.*, 218 F.R.D. 125 (E.D.Tex. 2003), the defendant failed to designate and produce a witness on certain topics listed by plaintiffs in their 30(b)(6) notice.  Citing Fed. R. Civ. Proc. 37(d), The Honorable Richard Schell noted that in a 30(b)(6) deposition, "[a] party failing to designate a witness to testify at a deposition must 'ha[ve] a pending motion for a protective *as provided by Rule 26(c)*.  *Id* at 142 (his emphasis).  Having found no motion or objection on file, Judge Schell ordered defendants to produce a witness on each topic within ten (10) days, and further stated that it would be appropriate to award plaintiffs fees and expenses derivative of defendants' violation had plaintiff pled for them, but because they didn't the issue was moot. *Id* at 145.

In the case at bar, Defendant not only wholly failed to designate any corporate representative(s) in response to items B, C and D of Plaintiff's 30(b)(6) notice, Defendant failed to produce a witness to the topics listed without having asked this Court for a protective order nor did they file an objection to the 30(b)(6) notice.  Instead, Defendant took the position that they were not complying with the 30(b)(6) because the topics listed were "factual" and according to them the discovery of facts is not the proper subject of a Rule 30(b)(6) deposition.

Defendant is completely mistaken.   "When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent.   If the agent is not knowledgeable about relevant *facts*, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all."   <u>Resolution Trust Corporation v. Southern Union Company, Inc. </u> 985 F.2d 196, 199 (5th Cir. 1993).   Defendant has made no appearance on the topics listed in Exhibit 1, and one of the witness produced stated on the record that she is not speaking on behalf of the corporation in any capacity nor speaking to any of the topics listed in the 30(b)(6) notice (see Exhibit 3).   It is therefore plaintiff's position that this failure to abide by the rules can only be remedied by this Court granting his motion to compel and ordering defendant to fully comply with Rule 30(b)(6) and produce a witness ready and capable of speaking to the four topics contained in the notice within ten (10) days, and further reconvene the 30(b)(6) deposition but this time at defendants cost in its entirety.

Furthermore, defendant and counsel for Defendant, Mr. Jim Savina, has caused counsel for Plaintiff, Mr. David Guillory, to incur fees and expenses his failure to abide by the law has caused counsel for plaintiff to incur expenses in time for preparation and actual appearance at the deposition for nothing in return.   Plaintiff therefore asks this Court to order defendant to reimburse Mr. David Guillory for two (2) hours worth of work at $245.00 per hour.   The hours presented do not take into account the entire amount of time and effort put forth in preparation, but in the interest of the professional courtesy counsel believes that the two hours pled sufficiently makes its point.

### III.    Conclusion

By refusing to produce a witness as required by Rule 30(b)(6) without moving this Court for a protective or filing an objection to the notice, Defendant and counsel for Defendant have waived any right to contest the notice and are in full violation of the Rule 30(b)(6) and Rule 37. Therefore, this Court must compel the production of a witness who can speak on behalf of the corporation on the topics listed, and must ordered Defendant to reimburse counsel for Plaintiff, Mr. David Guillory, all fees and expenses incurred because of their violation.

### IV.    Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court grant his motion to compel in all things, ordering Defendant and their counsel to produce a witness specific to each topic listed in the 30(b)(6) notice within ten (10) days, and award his counsel all fees and costs occasioned by their failure to comply.

Respectfully Submitted,

THE LAW OFFICE OF DARREN C. BERTIN, PLLC

By: _____/S/_____
            Darren Bertin
            State Bar No. 24009897
            510 Ochiltree Street
            Nacogdoches, Texas 75961
            Telephone:      (936) 715-9329
            Facsimile:      (936) 715-9339
            E-mail: dbertin@suddenlinkmail.com

            Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE

       I hereby certify that the above, foregoing and following instrument was forwarded by ECM, certified mail, return receipt requested, telecopier and/or regular mail on this _23_ day of February, 2007 in accordance with Fed. R. Civ. Proc., to the following counsel of record:

**VIA FACSIMILE: (214) 812-6032**
James J. Savina
State Bar No. 24013463
1601 Bryan Street, Sixth Floor
Dallas, Texas 75201

            _____/S/_____
            Darren Bertin

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| **WILTON PARKS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 9:06 CV 172** |
| **v.** | § | |
| | § | **JUDGE HEARTFIELD** |
| **ONCOR ELECTRIC DELIVERY** | § | |
| **COMPANY, a.k.a TXU ELECTRIC** | § | |
| **DELIVERY COMPANY** | § | |
| | § | |
| *Defendant.* | § | **Jury Requested** |

### ORDER ON RESPONDENT'S MOTION TO REQUIRE PLAINTIFFS TO RESPOND ADEQUATELY TO RESPONDENT'S REQUESTS FOR PRODUCTION

ON THIS the _____ day of _____, 2007, the Court considered Plaintiff's Motion to Compel Corporate Deposition.  After consideration of the pleadings herein, the motions of counsel, and the arguments of counsel, if any, this Court finds good cause to GRANT Plaintiff's motion.

IT IS THEREFORE ORDERED that Defendants are to designate and produce for deposition as many witnesses as necessary for deposition to answer in full the topics listed in Plaintiff's 30(b)(6) notice of deposition.

IT IS FURTHER ORDERED that Defendant is to incur all costs associated with the 30(b)(6) deposition, including costs of the court reporter, the original transcript, and any copies ordered by counsel for both parties.

IT IS FURTHER ORDERED that Defendant pay Mr. David Guillory the sum of $_____, which are the fees and expenses incurred by Mr. Guillory and occasioned by Defendants refusal to comply with Rule 30(b)(6) thus making this motion necessary.

SIGNED AND ENTERED this the _____ day of _____, 2003.


_____
JUDGE PRESIDING

# EXHIBIT 1.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| **WILTON PARKS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 9:06 CV 172** |
| **V.** | § | |
| | § | **JUDGE HEARTFIELD** |
| **ONCOR ELECTRIC DELIVERY** | § | |
| **COMPANY, a.k.a TXU ELECTRIC** | § | |
| **DELIVERY COMPANY** | § | |
| | § | |
| *Defendant.* | § | <u>**Jury Requested**</u> |

## <u>NOTICE OF 30(b)(6) DEPOSITION</u>

TO:   Defendant Oncor Electric Deliver Co. aka TXU Electric Delivery Company, by and through Defendant's attorney of record, Mr. James Savina, 1601 Bryan Street, Sixth Floor, Dallas, Texas 75201

Please take notice that on **Wednesday, February 7, 2007 at 1:00 a.m.,** the Plaintiff in the above styled case will take the deposition of Defendant Oncor Electric Deliver Co. aka TXU Electric Delivery Company, or its designee, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, to testify regarding:

      1.

This deposition will take place at the **Zeleskey, Cornelius, Hallmark, Roper & Hicks, L.L.P., 1616 South Chestnut, Lufkin, Texas 75901.,** before a notary public or some other officer authorized by law to administer oaths.  The examination shall continue from day to day until completed and you are invited to attend and cross-examine.

Respectfully Submitted,

**DAVID GUILLORY, ATTORNEY AT LAW**

By: _____

David Guillory
State Bar No. 08596400
510 Ochiltree Street
Nacogdoches, Texas 75961
Telephone:     (936) 559-9600
Facsimile:      (936) 559-9606
E-mail:         davidg@guillorylaw.com

Attorney in Charge

## CERTIFICATE OF SERVICE

    I hereby certify that the above, foregoing and following instrument was forwarded by ECM, certified mail, return receipt requested, telecopier and/or regular mail on this ___ day of January, 2007 in accordance with Fed. R. Civ. Proc., to the following counsel of record:

**VIA FACSIMILE: (214) 812-6032**
James J. Savina
State Bar No. 24013463
1601 Bryan Street, Sixth Floor
Dallas, Texas 75201

_____
David J. Guillory

**EXHIBIT 2.**

**TXU**

Legal
1601 Bryan St, 6th Floor
Dallas, TX 75201-3411

Tel: 214.812.6039
Fax: 214.812.6032
jim.savina@txu.com

Jim Savina
Counsel

January 29, 2007

VIA FACSIMILE

Mr. David J. Guillory
Attorney at Law
510 Ochiltree Street
Nacogdoches, Texas 75961-4408

> RE:  *Wilton Parks v. Oncor Electric Delivery Co., a.k.a. TXU Electric Delivery Co., In the U.S. Dist. Court, E.D. Tex., C.A. No. 9:06-CV-172*

Dear David,

Thank you for getting the revised deposition notices to me on Friday. The following letter is designed to both confirm our conversations and preserve TXU Electric Delivery Company's ("TXU") positions and objections with respect to the notices.

<u>Plaintiff's Notice of Oral Deposition w/Subpoena Duces Tecum</u>

The notice to Mr. Jacks contains attaches a list of three categories of documents requested at the time of the deposition. TXU objects to this request in general as it fails to provide 30 days to respond as required by Federal Rules 30(b)(5) and 34. Subject to and without waiving that objection, responsive documents not otherwise subject o an objection below will be produced.

TXU objects to Category 1 as cumulative and duplicative of documents already produced in Bates Nos. TXU 00036 through TXU 00207. Subject to and without waiving that objection, should responsive documents not previously produced be found, they will be produced.

TXU objects to Category 2 as it requests a document that does not exist. The "Manager's File" Bates numbered 00036, et seq. was not kept in an electronic format. Subject to and without waiving that objection, any digital copies of documents contained in the "Manager's File" will be produced.

Mr. David Guillory
January 29, 2007
Page 2 of 4

TXU objects to Category 3 as cumulative and duplicative of documents already produced and Category 2. Subject to and without waiving that objection, any digital copies of any responsive documents would be contained in response to Category 2.

<u>Notice of 30(b)(6) Oral Deposition</u>

The 30(b)(6) notice you sent on Friday did not describe the matters on which examination is requested. I will assume the matters are the same as those described in the prior 30(b)(6) notice sent on January 23rd (the "Matters"). As we discussed, the Matters are varied, and no single individual has collective knowledge of them all.

Moreover, TXU generally objects to matters 2 through 4 as inappropriate for a 30(b)(6) deposition insofar as they seek purely factual information obtainable from fact witnesses, rather than matters on which the organization itself can reasonably be expected to testify. Subject to and without waiving that general objection, TXU responds to the Matters as follows:

1. **The elimination of the position of meter reader and the employment status of the meter readers who worked for Plaintiff.**

   TXU designates Ron Casey, Director of Measurement Services, to testify on its behalf regarding the elimination of the meter reading position.

2. **The investigation into the incidents of January 30, 2006 that resulted in the "Truth or Consequences" meeting with Plaintiff and other employees where Plaintiff was the subject thereof.**

   TXU specifically objects to this Matter as a proper subject for a 30(b)(6) deposition. Subject to and without waiving that objection, TXU states that Bobby Jacks, who is already noticed to provide deposition testimony, has some knowledge of the investigation into the incidents of January 30, 2006. Mr. Jacks could testify *as a fact witness* regarding his knowledge. TXU further states that Mollie Greenup, who was identified as the Human Resources Business Consultant who led the relevant investigation in Defendant's Initial Disclosures served October 5, 2006, has the most knowledge of that investigation. TXU is taking steps to secure her attendance for deposition the afternoon of February 7. Ms. Greenup could testify *as a fact witness* regarding her knowledge. Should Plaintiff identify any other fact witnesses from which it wishes to seek deposition testimony regarding this Matter, TXU will work with Plaintiff to secure such testimony.

Mr. David Guillory
January 29, 2007
Page 3 of 4

3. **The termination of Wilton Parks.**

TXU specifically objects to this Matter as a proper subject for a 30(b)(6) deposition. Subject to and without waiving that objection, TXU states that Bobby Jacks, who is already noticed to testify, has some knowledge of the termination of Wilton Parks. Mr. Jacks could testify *as a fact witness* regarding his knowledge. TXU further states that Mollie Greenup, who led the investigation that triggered the termination of Mr. Parks, has knowledge of that termination. TXU is taking steps to secure her attendance for deposition the afternoon of February 7. Ms. Greenup could testify *as a fact witness* regarding her knowledge. Should Plaintiff identify any other fact witnesses from which it wishes to seek deposition testimony regarding this Matter, TXU will work with Plaintiff to secure such testimony

4. **Termination of other TXU employees pursuant to any of the three alleged policy violations in the termination of Wilton Parks within the past five years.**

TXU specifically objects to this Matter as a proper subject for a 30(b)(6) deposition. TXU further objects to this request as overly broad, unduly burdensome, and beyond the scope of any witness's knowledge. TXU further objects to this request to the extent it seeks to invade other TXU employees' privacy. Subject to and without waiving those objections, TXU states that Confidential Document Bates numbered TXU 00321 through 00341 sets forth the discipline imposed by TXU and various other affiliates for employees' abusive language, harassment, and providing false or misleading statements during an investigation. This comparative discipline was considered when analyzing Plaintiff's termination, most relevantly TXU 00332 through 00341, as the primary reason Plaintiff was terminated was for providing false or misleading statements during an investigation.

Notwithstanding the objections set forth above, TXU has attempted to respond to the notices good faith under the rules and, where appropriate, identify persons who can address the Matters set forth in the 30(b)(6) deposition notice.

Pursuant to its responses, TXU will produce Mr. Jacks for deposition as a fact witness on February 7 at 9:00 a.m. TXU will also produce Mr. Casey as a 30(b)(6) representative to give testimony regarding the elimination of the meter reader position on February 7 at 1:00 p.m. TXU will also continue taking steps to secure the attendance of Ms. Greenup as a fact witness for the afternoon of February 7. I will let you know if any issues arise.

Mr. David Guillory
January 29, 2007
Page 4 of 4

Please feel free to let me know if you have any questions. Thanks.

Very truly yours,

Jim Savina

cc:    Steve Roper, Esq. (via facsimile)
       Darren Bertin, Esq. (via facsimile)

 **TXU**

# Fax Cover

Legal
1601 Bryan Street, 6th Floor
Dallas, TX 75201

| | | | |
|---|---|---|---|
| **Date:** | January 29, 2007 | | |
| **To:** | David Guillory<br>Darren Bertin | **Pages:** | 5 including cover sheet |
| **Company:** | Law Offices of David J. Guillory<br><br>Law Offices of Darren Bertin | **Fax:** | (936) 715-9339 |
| **From:** | Jim Savina | **Phone:** | (214) 812-6039 |
| **Dept:** | TXU Legal | **Fax:** | (214) 812-6032 |
| **Re:** | *Wilton Parks v. Oncor Electric Delivery Co., aka TXU Electric Delivery Co.,* In the U.S. Dist. Court, E.D. Tex., C.A. No. 9:06-CV-172 | | |

☐Urgent   ☐For Review   ☐Please Reply   ☐Please Reply When Received

This communication (including any attachments) contains or may contain confidential information intended only for the addressee, and is subject to copyright protection. If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, please be advised that any reading, dissemination, distribution, copying or use of this communication or its attachments is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone at the direct dial number noted above, and return the original message to us at the above address via the U.S. postal service.

EXHIBIT 3.

1

2                       IN THE UNITED STATES DISTRICT COURT

                    FOR THE EASTERN DISTRICT OF TEXAS

3                           LUFKIN DIVISION

4    WILTON PARKS                          *

5    VS.                                   *    NO. 9:06-CV-00172

6    ONCOR ELECTRIC DELIVERY COMPANY,      *

7    A/K/A TXU ELECTRIC DELIVERY           *

8    COMPANY                               *

9

10

11                       ORAL DEPOSITION OF

12                        MOLLIE GREENUP

13

14

15

16

17

18

19

20

21                   Lufkin Court Reporting Service

                         P.O. Drawer 151137

22                       Lufkin, Texas 75915

                         (936) 637-2883

23                   Kelly Chandler, CSR, RPR

24

25

1

2

IN THE UNITED STATES DISTRICT COURT

3          FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

4

5   WILTON PARKS                    *

6   VS.                            * C.A. NO. 9:06-CV-00172

7   ONCOR ELECTRIC DELIVERY COMAPNY,*

8   A/K/A TXU ELECTRIC DELIVERY CO. *

9

10                DEPOSITION OF MOLLIE GREENUP

11   QUESTIONS AND ANSWERS OF MOLLIE GREENUP taken before KELLY

12   CHANDLER, a Certified Shorthand Reporter in and for the State of

13   Texas, on behalf of the Plaintiff at the Zeleskey Law Firm, 1616

14   South Chestnut, Lufkin, Texas on February 7, 2007 commencing at

15   1:40 p.m.

16

17                     STIPULATION WAIVER

18   The deposition will be taken pursuant to the Federal Rules, and

19   signature is required before any Notary Public.

20

21

22

23

24

25

1

2

3                         A P P E A R A N C E S

4

5    APPEARING FOR THE PLAINTIFF, WILTON PARKS:

6    MR. DAVID J. GUILLORY
     Attorney At Law
7    510 Ochiltree Street
     Nacogdoches, Texas 75961

8

9

10   APPEARING FOR THE DEFENDANT, ONCOR ELECTRIC DELIVERY COMPANY,
     A/K/A TXU ELECTRIC DELIVERY COMPANY:

11

     MR. JIM SAVINA
12   Attorney At Law
     TXU
13   1601 Bryan Street, 6th Floor
     Dallas, Texas 75201

14

15

16                              INDEX

17   EXAMINATION BY MR. GUILLORY              PG.  4

18   EXAMINATION BY MR. SAVINA                PG. 31

19   WITNESS' ERRATA SHEET                    PG. 33

20   REPORTER'S CERTIFICATION PAGE            PG. 35

21

22

23

24

25

1        A      As a group, yes.

2        Q      But you don't recall how you knew that the decision was

3    made?

4        A      I don't recall what happened a year ago in that particular

5    meeting.

6        Q      Okay.  Let me run a hypothetical by you.  Six guys are

7    sitting at a poker table.  They're hungry.  Nobody says it to

8    anybody else.  The way I would expect it to work is somebody says

9    Hey, I'm hungry, let's go get a pizza, and everybody says Hey, let's

10   do that, one by one.  That's how I know that everybody reached a

11   consensus that we're hungry and we ought to go get a pizza.  In

12   other words, the people at the table tell each other that's what

13   they're thinking or that's what they've decided or that's what

14   they've concluded.  Can you give me any idea how the decision to

15   fire Wilton Parks was communicated around this meeting that led to

16   Wilton's termination?

17       A      That specific meeting, I do not know.  I do not recall how

18   it came about.

19       Q      Okay.  Who ultimately made the decision to fire Wilton

20   Parks?

21       A      I do not recall who made the decision to fire him.

22       Q      Okay.  Now, everything you've told me so far has been in

23   your individual capacity as a person who may or may not remember

24   certain things about some incidents that happened a year ago, right?

25       A      Uh-huh.

Page 28

1      Q      Yes?

2      A      Yes.

3      Q      And you're speaking only on behalf of yourself, right, in

4   answering the questions you've answered so far, right?

5      A      Yes.

6      Q      None of your answers are on behalf of TXU or speaking for

7   TXU Corporation, right?

8      A      Not that I'm aware of.

9      Q      Okay.  I want to ask you the same things that I asked

10   Mr. Savina off the record but I just want it on the record.  You are

11   not here to speak on behalf of TXU as the person with the most

12   knowledge of facts related to the investigation into the incidents

13   of January 30th, 2006 that resulted in the Truth or Consequences

14   meeting with plaintiff and other employees where the plaintiff was

15   the subject, right?

16      A      That's right.

17      Q      Okay.  And you're not here to speak on behalf of the

18   corporation concerning the termination of Wilton Parks, right?

19      A      That's right.

20      Q      And you're not here to speak on behalf of TXU Corporation

21   concerning the termination of other TXU employees pursuant to the

22   types of policy violations that Wilton Parks was found to have

23   committed, right?

24      A      That's correct.

25                    MR. GUILLORY:  Jim, if I can just get you to

1    state on the record what you stated earlier that you don't have a

2    witness here to testify as to those Rule 30(b)(6) topics because

3    it's your belief that those aren't the proper subjects of a Rule

4    30(b)(6) deposition.

5                        MR. SAVINA:      Right.  My position is set

6    forth on a letter that I sent to you on January 29th, and that

7    letter accurately states TXU's position with respect to producing

8    witnesses at this deposition.

9                        MR. GUILLORY:  And pursuant to that prior

10   notice, which you gave me a while back, and what you've said earlier

11   today, you don't have a witness to talk about those?

12                       MR. SAVINA:      Correct.

13                       MR. GUILLORY:  And so the only topic that

14   you've brought a corporate representative here to talk about is the

15   thing that Mr. Casey testified to earlier, the elimination of the

16   position of meter reader?

17                       MR. SAVINA:      Correct.  Just to clarify for

18   the record, I recall that we did have a conversation about that and

19   it was, in my perception, agreed that I produce fact witnesses for

20   the other ones, and you conceded to that, that you were most

21   interested in getting the facts and if I just produced the people

22   with facts --

23                       MR. GUILLORY:  I don't recall which

24   conversation.  We've had several conversations and you've been very

25   honorable.  I'm not accusing you of sandbagging me or anything.  I

Page 30

1    understood from your prior letter that you didn't plan on bringing

2    corporate representatives on those three other subjects, but I want

3    to make clear that I'm not in agreement with you that you can't talk

4    about facts in a Rule 30(b)(6) deposition.   I need somebody who

5    represents this company to tell me why Wilton Parks was fired and

6    who made the decision and the investigation that led to that

7    termination, and I need for their answers to be binding on the

8    defendant.   That's what I need.   That's my position.

9        Q    Ms. Greenup, with all due respect to you, you're not that

10   person, right?

11       A    The questions you've asked are not what I have knowledge

12   of that I can recall that were documented.

13       Q    And even if you did have knowledge of them, you're not

14   here to talk on behalf of the corporation.   You're here to talk on

15   your own behalf as a person who may or may not know things about

16   this case, right?

17       A    I'm here to talk about what happened during the

18   investigation.

19       Q    Okay.   I didn't notice a fact deposition of you.   I was

20   trying to get a corporate representative deposition, but I do thank

21   you for what information you have, and because you're not a

22   corporate representative, I pass the witness.

23                          EXAMINATION:

24   BY MR. SAVINA:

25       Q    Mollie, there were questions from Mr. Guillory about the

MOLLIE GREENUP